UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTE R. FRAZIER,

        Petitioner,

        v.                       CAUSE NO. 3:26-CV-183-PPS-JEM

WARDEN,

        Respondent.

## OPINION AND ORDER

Donte R. Frazier, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for child molestation in Case No. 79D02-1908-F1-7. Following a jury trial, on November 5, 2021, the Tippecanoe Superior Court sentenced him as a habitual offender to eighty-six years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Frazier asserts claims of trial and appellate counsel error, prosecutorial misconduct, and inadequate notice of his criminal charges. Before considering the merits of a habeas petition, I must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). Review of the electronic docket for the State courts[1] indicates that Frazier's direct appeal has concluded but that his post-conviction proceedings are ongoing. It thus appears that his claims relating to prosecutorial misconduct and inadequate notice of the criminal charges are exhausted but that his claims relating to trial and appellate counsel error are unexhausted.[2]

Federal courts are not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* at

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

[2] Here, I make no finding with respect to whether the exhausted claims are also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

274. Because I cannot rule on the habeas petition as it stands, Frazier must tell me how he wants to proceed.

Frazier could file an amended petition omitting the unexhausted claims, which would allow me to consider whether the remaining claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only under narrow circumstances. *See* 28 U.S.C. § 2244(b). Alternatively, Frazier could file a voluntary motion to dismiss this case without prejudice, pursue post-conviction relief in State court, and seek federal review on all of his habeas claims at the conclusion of State post-conviction proceedings.

I will also consider whether a stay might be a more appropriate option for this case than dismissal without prejudice. Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to run on September 1, 2022, when the time to file a petition to transfer the direct appeal to the Indiana Supreme Court expired. *See* Ind. R. App. 57(C)(1) (petition to transfer must be filed within 45 days of adverse decision). On August 28, 2023, Frazier initiated State post-conviction proceedings, which tolled the limitations period pursuant to

Section 2244(d)(2) with only four days to spare. Given the limited time remaining, a stay might be appropriate for this case. As a result, Frazier may file an amended petition omitting his unexhausted claims and litigate his exhausted claims immediately, or he may file a motion to stay this case pending the resolution of State post-conviction proceedings.

As a final matter, the court observes that Frazier has not resolved his filing fee status. To proceed with this case, Frazier must either pay the filing fee in full or file a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Donte R. Frazier to file an amended petition or a motion to stay consistent with this Order by June 10, 2026;

(2) ORDERS Donte R. Frazier to resolve his filing fee status by June 10, 2026; and

(3) CAUTIONS Donte R. Frazier that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: May 7, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4